UNITED STATES DISTRICT COURT
Southern District of Georgia
Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2025 MAY -6  P 3: 56

CLERK_____
SO. DIST. OF GA.

William B. Jolley,

    Plaintiff,

vs

Donald J. Trump, President of the United States,

    Defendant.

Case number:

**CV225-074**

## PETITION FOR WRIT OF MANDAMUS TO PRESIDENT DONALD J. TRUMP

**Venue**

28 U.S.C. 1331; 28 U.S.C. 1391(e)(1)(c); 28 U.S.C. 1361.

**Standing**

Plaintiff is a resident of Glynn County, Georgia. He is a 94 year old Veteran (Disabled) with service from 3 March, 1950 -14 December, 1959 in the U.S. Air Force. Plaintiff has rights under the Uniformed Services Employment and Reemployment Rights Act (USERRA).[1]

Discrimination began under the USERRA when the Department of Housing and Urban Development intentionally left Plaintiff's name off of the DEU

---

[1] 38 U.S.C. 4323(h): "No fees or court costs may be charged or taxed against any person claiming rights under this Chapter. (Chapter 43 – Employment and employment rights ... of members of the Uniformed services.

1

Certificate for the 2018 HUD GS-15 Field Office Director position for the State of Idaho.

## **PETITION**

1. Central to and the subject of this petition is Federal Investigation **Number: HUD-00037-2019**. The Investigation, interpreted as required by 29 C.F.R. § 1614.108(c)(1) thru (3), shows that the Department of Housing and Urban Development discriminated against Plaintiff with respect to **Age, Disability, Retaliation,** and **Disparate Treatment.**

2. 29 C.F.R. § 1614.108(f) states, in pertinent part "… the agency shall provide the complainant with a copy of the investigative file … the complainant … may request an immediate final decision pursuant to §1614.110 from the agency." The Agency failed to comply with Plaintiff's request for an immediate final decision when he received a copy of the investigation.

3. The Agency was faced with financially embarrassing dollar costs and the requirement for placing Plaintiff in the position he had applied for. The business of paying for the discrimination (Called: "remedies and relief") required by the Government's own rules seemed overwhelming for the Agency employees involved.

4. The Agency decided to ignore the rules and continually used bureaucratic tactics, and violations of the prohibitions of 18 U.S.C. 1519, to deny the final decision called for by the rules.

5. The Agency stalled the required action from October 2019 thru 2020, 2021, 2022, 2023, 2024, and into 2025. The Agency intransigence has been unending.

6. Plaintiff's back-pay alone, when the issue is resolved, amounts to $1.5 million dollars ... and that does not include any computation for the penalties, damages, and legal costs involved in the acts of discrimination.

## Details Relative to the Mandamus Petition

7. The Court is asked, with respect to Investigation HUD-00037-2019, to mandate that President Donald J. Trump Order Scott Turner, Secretary of the Department of Housing and Urban Development to provide the final decision for HUD-00037-2019.

8. More specifically, the final decision (or "final action") is required and described by 29 C.F.R. § 1614.110(b) which states in pertinent part, *"(b) Final action by an agency ... When an agency ... receives a request for ... final decision ... the agency shall take final action by issuing a final decision. The final decision shall consist of findings by the agency on the merits of each issue in the complaint, ... when discrimination is found, appropriate remedies and relief ... "*

3

9. Plaintiff Jolley respectfully files this petition with the Court with due respect for the responsibility of the "Office of the President".

10. Plaintiff will transmit, by E-mail, a copy of this Mandamus Petition to "Leadership Personnel" of the Department of Housing and Urban Development asking that they make certain that the Secretary personally receives a copy of this Mandamus Petition so that he can take managerial action without need for President Trump to explain his wishes for compliance with the applicable laws, rules and regulations.

11. Plaintiff will notify the Court and withdraw the Petition for Mandamus to the President if Plaintiff Jolley receives a written response from the HUD Secretary, or an appropriate representative, advising that the agency will resolve the issue of the matter of a final decision for HUD-00037-2019.

12. Plaintiff notes previous communications (letters) addressed to Secretary Scott Turner (subsequent to his appointment) have never been responded to. There is no E-mail address for communicating with the Secretary on HUD websites.

Respectfully submitted:

William B. Jolley (pro se)
73 Bartram Trail
Brunswick, Georgia 31523
912-264-5900 (or n61u@yahoo.com)