IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WILLIAM B. JOLLEY, | |
| Plaintiff, | CIVIL ACTION NO.: 2:25-cv-74 |
| v. | |
| DONALD J. TRUMP, | |
| Defendant. | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed this action, petitioning for a writ of mandamus against Donald J. Trump, President of the United States of America. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Because I am recommending dismissal of Plaintiff's Complaint in its entirety, I also **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and Motion Requesting Service of Process. Docs. 2, 3.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff seeks a writ of mandamus, requiring Defendant Trump, the President of the United States of America, to order Scott Turner, Secretary of the Department of Housing and Urban Development, to issue a final decision in a federal investigation. Doc. 1 at 3. Plaintiff

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

states the agency failed to comply with Plaintiff's request for an immediate final decision when he received a copy of the investigation.  Id. at 2.  Plaintiff states previous communications addressed to Secretary Scott Turner have gone unanswered.  Id. at 4.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

# DISCUSSION

## I. Plaintiff's Claims for Writ of Mandamus

Plaintiff asks for a writ of mandamus, compelling Defendant Trump to order Secretary Turner to issue a final decision in a federal investigation. Doc. 1. Plaintiff asserts the Department of Housing and Urban Development refuses to issue a final decision despite Plaintiff's request. Id. at 2.

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003). "Although the issuance of a writ of mandamus is a legal remedy, it is largely controlled by equitable principles and its issuance is a matter of judicial discretion." Id. at 1257–58. Mandamus jurisdiction exists only if: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." Id. at 1258 (punctuation omitted). "The party seeking mandamus has the burden of demonstrating that his right to the writ is clear and indisputable." Serrano v. U.S. Att'y Gen., 655 F.3d 1260, 1263 (11th Cir. 2011).

To the extent Plaintiff wishes for this Court to compel Defendant Trump, the President of the United States, to act in his official duties, this Court cannot do so. Plaintiff has not shown his right to the writ is clear and indisputable. Indeed, Plaintiff has not asserted any plausible claim for relief. Plaintiff has not shown, nor can he, that the President of the United States owes him a clear non-discretionary duty. Cash, 327 F.3d at 1258. The regulations Plaintiff cites do not establish duties owed by President of the United States. Therefore, the Court lacks jurisdiction

3

over the mandamus claim. Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's request for a writ of mandamus.

II.     **Leave to Appeal** *in Forma Pauperis*

I also recommend the Court deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

4

**CONCLUSION**

For the foregoing reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Because I am recommending dismissal of Plaintiff's Complaint in its entirety, I also **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and Motion Requesting Service of Process.  Docs. 2, 3.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

5

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 13th day of November, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA